No. 28,370.

THE STATE OF KANSAS, *Appellee*, v. OTIS RAZOR and HAROLD J. McKEEVER, *Appellants*.

(278 Pac. 746.)

Opinion filed ·
July 6, 1929.

*Edgar Bennett*, of Washington, for the appellants.

*William A. Smith*, attorney-general, and *William C. Perry*, county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendants were convicted of the larceny of hogs, and appeal, contending chiefly that the court erred in permitting the state during the trial to change the date of the alleged commission of the offense, thereby preventing the defendants from relying on a defense of alibi. Also, in unduly restricting the cross-examination of the state's witnesses. We have given due consideration to these contentions but cannot concur therein.

A claim that the state's witnesses first laid the commission of the crime as of March 27, 1926, and that later on rebuttal it was changed to the date of March 30, is not sustained by the record. The state's witnesses testified substantially that the theft was committed during the last of March or just before the first of April. The evidence as a whole shows that the defendants were at the residence of one Fred Hubka, the place to which the hogs were transported after

being stolen, on two nights the latter part of March. The state at no time fixed the date of the larceny other than March 30. The defendants fixed March 27, the night after a hog sale in Washington, Kan., as the date on which they were at the Hubka place, and then attempted to prove that if the crime was committed on the night they were at Hubka's they did not participate therein and had no knowledge of it. A setting out of the evidence in detail is not necessary. In our opinion it justified the verdict.

Concerning the alleged limitation of the cross-examination of the state's witnesses the record shows the court first limited such examination, later concluded the limitation was wrong, reversed itself and permitted the examination.

Complaint is made of some of the instructions. This complaint has to do with the question of alibi above discussed and cannot be sustained, because the instructions given, while contrary to the theory of the defendants, were in substantial accordance with the testimony brought out in the trial.

A complaint that there was a lack of corroborating testimony as to the kind and color of the hogs alleged to have been stolen cannot be sustained; nor a complaint that the court erred in not granting a new trial on the ground of newly discovered evidence. (*State v. Evans*, 119 Kan. 469, 239 Pac. 996; *State v. Turner*, 121 Kan. 364, 247 Pac. 427.)

The judgment is affirmed.